UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| KATHLEEN M. SCHAEFFER<br>77 W. Broad Street, #8<br>Bethlehem, PA  18018<br><br>      Plaintiff,<br><br>      v.<br><br>METLIFE, INC.<br>200 Park Avenue<br>New York, NY  10166<br><br>      and<br><br>JEFFREY R. KURTZ<br>c/o PennWood Financial Group, MetLife<br>4905 W. Tilghman Street, Suite 200<br>Allentown, PA  18104<br><br>      and<br><br>RONNIE S. BLAUFARB<br>c/o PennWood Financial Group, MetLife<br>4905 W. Tilghman Street, Suite 200<br>Allentown, PA  18104<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No.: 5:13-cv-03929-JHS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

---

**OPPOSITION TO PLAINTIFF'S MOTION TO
<u>STRIKE DEFENDANTS' REPLY MEMORANDUM OF LAW</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

    I.    Plaintiff Fails To Satisfy The Standard For A Motion to Strike ....................................1

    II.    Defendants Filed Their Reply Brief On Time; Plaintiff Filed Her Opposition Brief Two Days Late ..............................................................................................................3

    III.    Defendants' Reply Brief Directly Rebuts The Fallacious Arguments Advanced In Plaintiff's Opposition ....................................................................................................4

    IV.    Plaintiff's "Stylistic" Critique of Defendants' Reply Brief Is Unwarranted ................6

    V.    Plaintiff's Motion To Strike Amounts To A Surreply And, Therefore, Violates Your Honor's Rules ................................................................................................................6

CONCLUSION ................................................................................................................................6

TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allegheny County Sanitary Auth. v. U.S.E.P.A.*,
   557 F. Supp. 419 (W.D. Pa. 1983), *aff'd*, 732 F.2d 1167 (3d Cir. 1984) ................. 1

*Application of Harrington*,
   392 F.2d 653 (1968) ................................................................................... 2

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................... 4

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................... 4

*Buschmeier v. G&G Invs., Inc.*,
   222 F. App'x 160 (3d Cir. 2007) ................................................................. 3

*DiPietro v. Jefferson Bank*,
   No. CIV. A. 91-7963, 1993 WL 101356 (E.D. Pa. Mar. 30, 1993) ............... 1, 2

*Edge Import Corp. v. United States*,
   82 Cust. Ct. 343 (1979) ............................................................................. 2

*Green v. Interstate United Management Services Corp*
   748 F.2d 827 (3d Cir. 1984) ....................................................................... 5

*Haybarger v. Lawrence County Adult Probation & Parole*
   667 F.3d 408 (3d Cir. 2012) ....................................................................... 4

*In re Data Access Sys. Secs. Litig.*,
   103 F.R.D. 130 (D.N.J. 1984) .................................................................... 3

*Manville Sales Corp. v. Paramount Systems, Inc.*,
   No. 86–4157, 1988 WL 54060 (E.D. Pa. May 23, 1988) .............................. 2

*Rawson v. Sears Roebuck and Co.*,
   585 F. Supp. 1393 (D. Col. 1984) ............................................................ 2-3

*Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*,
   11 F.3d 385 (3d Cir. 1993) ......................................................................... 3

**STATUTES**

Family and Medical Leave Act..................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 6.........................................................................................................................4

Fed. R. Civ. P. 6(a)(1)(C) ..........................................................................................................3

Fed. R. Civ. P. 6(d) ...................................................................................................................3

Local Rule 5.1.2.........................................................................................................................4

Local Civil Rule 5.1.2(8)(e).......................................................................................................3

Local Civil Rule 7.1(c) ..............................................................................................................3

**INTRODUCTION**

It is unfortunate that Plaintiff has decided to burden this Court with her frivolous motion to strike Defendants' reply memorandum in support of their motion to dismiss. In her filing she *repeatedly* and *grossly* misrepresents the facts, the Federal Rules of Civil Procedure, the Local Civil Rules, and Your Honor's Scheduling and Motion Policies and Procedures.[1] Her motion should be denied.

It is remarkable that the gravamen of Plaintiff's motion is that *Defendants* filed an untimely reply brief. This allegation is not only untrue, but it is *Plaintiff* who indisputably filed an untimely opposition brief. Equally without consequence are Plaintiff's remaining arguments trivially tabulating the number of cases that Defendants re-cited in their reply brief and pettily harping on the spacing and font size of a handful of footnotes. Indeed, given the attention paid to Defendants' reply brief, Plaintiff's "motion to strike" is no more than an attempted surreply in circumvention of Your Honor's Policies and Procedures.

Accordingly, as set forth more fully below, Plaintiff's motion is meritless and should be denied.

**ARGUMENT**

**I.     Plaintiff Fails To Satisfy The Standard For A Motion To Strike**

In her motion, Plaintiff neglects to mention that "[m]otions to strike are generally not favored by the courts." *DiPietro v. Jefferson Bank*, No. CIV. A. 91-7963, 1993 WL 101356, at *1 (E.D. Pa. Mar. 30, 1993) (citing *Allegheny County Sanitary Auth. v. U.S.E.P.A.*, 557 F. Supp. 419, 426 (W.D. Pa. 1983), *aff'd*, 732 F.2d 1167 (3d Cir. 1984)). This is especially the case

---

[1] Prior to filing this Opposition, in an effort to avoid further burdening the Court, Defendants sent a letter to Plaintiff's counsel requesting that Plaintiff withdraw her motion to strike (annexed hereto as Exhibit A). Plaintiff did not reply to the letter.

where the movant seeks to strike something other than a pleading, such as a brief. In *Manville Sales Corp. v. Paramount Systems, Inc.*, for instance, the Court stressed that the Local Civil Rules "do not allow the Court to disregard or strike a party's *brief* for containing matter that the opposition does not deem to be relevant, appropriate, 'unresponsive and non-germane.'" No. 86–4157, 1988 WL 54060, at *2 (E.D. Pa. May 23, 1988) (emphasis added) (internal citation omitted). "Moreover, it is well settled that the granting of a Motion to Strike a Brief or any matter constitutes an extraordinary remedy, and should be granted only in cases where there has been *a flagrant disregard of the Rules of Court*." *Id.* at *3 (emphasis in original); *accord Application of Harrington*, 392 F.2d 653, 655 (1968). "Hence, courts will not grant Motions to Strike unless the brief demonstrates a lack of good faith, or that the court would be prejudiced or misled by the inclusion in the brief of the improper material." *Manville Sales*, 1988 WL 54060, at *3 (citing *Edge Import Corp. v. United States*, 82 Cust. Ct. 343, 344 (1979)).

Accordingly, courts routinely have disregarded motions to strike a brief where the movant did not meet this high standard. *See, e.g., Manville Sales*, 1988 WL 54060, at *3 (holding that "plaintiff has failed to demonstrate that defendant's response to plaintiff's Motion to Compel lacks good faith, or that the contested references are sufficiently irrelevant, immaterial, or prejudicial to warrant the drastic remedy requested"); *see also DiPietro*, 1993 WL 101356, at *1 (citing *Rawson v. Sears Roebuck and Co.*, 585 F. Supp. 1393, 1397 (D. Col. 1984)) (motion to strike denied where, although portions of plaintiff's briefs were immaterial and impertinent,

defendant failed to demonstrate undue prejudice if material was not stricken).[2] For the reasons set forth below, this Court should deny Plaintiff's frivolous motion to strike.

## II. Defendants Filed Their Reply Brief On Time; Plaintiff Filed Her Opposition Brief Two Days Late

In her motion to strike, Plaintiff falsely asserts that Defendants did not file a timely reply brief. (Pl. Mot., at 3-4.) Plaintiff makes this claim notwithstanding the fact that while Defendants' brief was unquestionably timely, she indisputably filed an *untimely* opposition brief. The facts here are crystal clear. On August 21, 2013, Defendants filed their motion to dismiss. Under Local Civil Rule 7.1(c), Plaintiff had 14 days to oppose and, under Fed. R. Civ. P. 6(d) and Local Civil Rule 5.1.2(8)(e), an additional 3 days for service. Because 17 days from August 21, 2013 was *Saturday*, September 7, 2013, pursuant to Fed. R. Civ. P. 6(a)(1)(C), Plaintiff had until Monday, September 9, 2013 to file her opposition brief. *She did not*, nor did she request an extension of time. Instead, the brief was filed *two days late* on September 11, 2013.

Section IV(B) of Your Honor's Scheduling and Motion Policies and Procedures afforded Defendants 7 days to file a reply brief and, as noted above, Fed R. Civ. P. 6(d) and Local Civil Rule 5.1.2(8)(e), allow an additional 3 days for service (including in cases where service was effectuated by electronic filing). Because 10 days from September 11, 2013 was *Saturday*, September 21, 2013, pursuant to Fed. R. Civ. P. 6(a)(1)(C), Defendants had until Monday, September 23, 2013 to file their reply brief, *which they did*.

---

[2] Plaintiff's motion points to inapposite cases for the requisite standard. (Pl. Mot., at 3); *see Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388 (3d Cir. 1993) (striking of *sur*replies); *In re Data Access Sys. Secs. Litig.*, 103 F.R.D. 130, 149 (D.N.J. 1984) (same); *see also Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, (3d Cir. 2007) (withdrawal of counsel).

As an initial matter, Plaintiff attempts to distort the Local Civil Rules through selective editing. For instance, Plaintiff cites to Local Rule 5.1.2 for the proposition that "service of a document that is electronically filed is effectuated upon filing," (Pl. Mot., at 3), but omits that this very rule expressly affords an additional 3 days for service for documents filed by ECF. Moreover, Plaintiff argues that Defendants received additional days over the weekend even though she cites to the very rule that states "the next day that is not a weekend or holiday is deemed the end of the time period." (Pl. Mot., at 3) (citing Fed. R. Civ. P. 6.)[3]

### III. Defendants' Reply Brief Directly Rebuts The Fallacious Arguments Advanced In Plaintiff's Opposition

Plaintiff advances the absurd notion that, because certain "cases were cited and discussed in Defendants' original filing," Defendants' reply brief "merely restates Defendants' positions" and is "superfluous." (Pl. Mot., at 4-5.) First, Plaintiff incompletely characterizes "Section I of Defendants' reply memorandum [as] [only] pertain[ing] to *Bell Atlantic Corp. v. Twombly* [, 550 U.S. 544 (2007)] and *Ashcroft v. Iqbal* [, 556 U.S. 662 (2009)]." (Pl. Mot., at 4). Section I *briefly* discusses *Twombly/Iqbal, among other cases*, to address and dispute Plaintiff's nearly 5 page distortion of the pleading standard articulated in *Twombly/Iqbal*. (*See* Def. Reply Memo., at 1-2.)

Second, Plaintiff inaccurately suggests that "Section II [only] pertains to interpretation of *Haybarger v. Lawrence County Adult Probation & Parole* [, 667 F.3d 408 (3d Cir. 2012)]." (Pl. Mot., at 4.) Defendants reexamined *Haybarger* to defend against Plaintiff's *mis*interpretation of that case, and also cited a number of *other cases* to support their argument that Defendant

---

[3] Even assuming *arguendo* that there is any merit to Plaintiff's distortion of the facts and law, which there is not, the notion that a few days delay in the filing of a reply brief would "prejudice" Plaintiff is preposterous. (Pl. Mot., at 3.)

Blaufarb cannot be held individually liable under the Family and Medical Leave Act. (*See* Def. Reply Memo., at 3-5.) Third, Plaintiff similarly misconstrues that "Section III [only] pertains to interpreting *Green v. Interstate United Management Services Corp* [, 748 F.2d 827 (3d Cir. 1984)]." (Pl. Mot., at 4.) Defendants discussed *Green* for the same reasons they reexamined *Haybarger*—Plaintiff had distorted the case holding. Furthermore, Defendants cited several other cases (including ones based on different legal theories) to argue that Plaintiff's claims of tortious interference with contract and business relationships should be dismissed. (*See* Def. Reply Memo., at 5-9.)

Remarkably, Plaintiff takes time to calculate that, "[o]f the twenty-nine cases Defendant[s] cite[d] in the reply memorandum, eleven were previously cited." (Pl. Mot., at 5.) What Plaintiff omits is that about half of these eleven cases also were cited (and, in some instances, extensively "analyzed") in *Plaintiff's* brief. Plaintiff would have Defendants all but capitulate to *her* reading of these cases. Moreover, the remaining cases to which Defendants cite in their reply brief refute the faulty arguments advanced in *Plaintiff's* opposition[4]—*i.e.*, the central purpose of a reply brief. The very idea that Defendants could not address Plaintiff's mischaracterization of certain cases merely because Defendants cited these cases in their opening brief is, frankly, ridiculous. Under that theory, one could never mention a case in a reply brief that was cited in the opening brief.

---

[4] With great contradiction, Plaintiff even concedes that "Defendants oppose[d] *Plaintiff's* arguments and attempt to differentiate *Plaintiff's* interpretation of the case law cited." (Pl. Mot., at 4) (emphasis added.)

5

### IV. Plaintiff's "Stylistic" Critique of Defendants' Reply Brief Is Unwarranted

Plaintiff also maintains that "Defendants['] reply exceeds or at least pushes the boundaries of the ten page limit to filing reply brief under the Standing Order." (Pl. Mot., at 5.) For this proposition, Plaintiff argues, with great pettiness, that Defendants used "single space" and "small font" for the six footnotes in their reply memorandum. (Pl. Mot., at 5.) Needless to say, Defendants comported with the letter and spirit of Your Honor's Policies and Procedures and the Local Civil Rules. Moreover, the idea that the font size and spacing of a handful of footnotes "cause[] severe prejudice and harm to Plaintiff" rings hollow. (Pl. Mot., at 5.)

### V. Plaintiff's Motion To Strike Amounts To A Surreply And, Therefore, Violates Your Honor's Rules

Section IV(B) of Your Honor's Rules states that "[n]o further briefs may be filed" after reply briefs have been submitted. Plaintiff's "motion to strike," however, amounts to no more than a surreply, as, for the reasons set forth above, it almost exclusively concerns the cases cited and arguments made in Defendants' reply brief. (*See supra* pp. 2-4.) According, Plaintiff is in direct violation of Your Honor's Procedures and Policies.

### CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's motion to strike and grant Defendants such other relief as the Court may deem just and proper.

6

Dated: September 30, 2013

Respectfully submitted,

| **ROYER COOPER COHEN BRAUNFIELD LLC** | **PROSKAUER ROSE LLP** |
|---|---|
| By: */s/ Barry L. Cohen* <br> Barry L. Cohen, Esq. <br> Sean S. Litz, Esq. <br> 101 W. Elm Street, Suite 220 <br> Conshohocken, PA 19428 <br> (P) 484-362-2628 <br> (F) 484-362-2630 <br> bcohen@rccblaw.com <br> slitz@rccblaw.com | Joseph C. O'Keefe (*pro hac vice*) <br> Daniel L. Saperstein (*pro hac vice*) <br> One Newark Center, 18th Floor <br> Newark, New Jersey 07102 <br> (P) 973-274-3200 <br> (F) 973-274-3299 <br> jokeefe@proskauer.com <br> dsaperstein@proskauer.com <br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants hereby certify that on this date, a true and correct copy of the foregoing document was served electronically on all counsel of record when filed through the Court's ECF system.


Dated: September 30, 2013

*/s/Barry L. Cohen*
Barry L. Cohen, Esq.

8836/48476-514 current/38812365v2

# EXHIBIT A



Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

Joseph C. O'Keefe
Member of the Firm
d 973.274.3290
f 973.274.3299
jokeefe@proskauer.com
www.proskauer.com

September 26, 2013

**By Email (tmh@tmhlaw.com) and Federal Express**

Thomas More Holland, Esq.
Law Offices of Thomas More Holland
1522 Locust Street, Grace Hall
Philadelphia, PA 19102

Re:   *Schaeffer v. MetLife, Inc., et al.*, No. 5:13-cv-03929-JHS

Dear Mr. Holland:

I write to request that you withdraw your pending motion to strike Defendants' reply memorandum in support of their motion to dismiss. Simply put, your motion is frivolous and, if it is not withdrawn, we will file an opposition and seek fees and such other relief as the Court may deem appropriate.

In your motion to strike, you falsely assert that Defendants did not file a timely reply brief. (Pl. Mot., at 3-4.) You make this claim notwithstanding the fact that while our brief was unquestionably timely, *you* indisputably filed an *untimely* opposition brief. The facts here are crystal clear. On August 21, 2013, Defendants filed their motion to dismiss. Under Local Civil Rule 7.1(c), Plaintiff had 14 days to oppose and, under Fed. R. Civ. P. 6(d) and Local Civil Rule 5.1.2(8)(e), an additional 3 days for service. Because 17 days from August 21, 2013 was *Saturday*, September 7, 2013, pursuant to Fed. R. Civ. P. 6(a)(1)(C), Plaintiff had until Monday, September 9, 2013 to file her opposition brief. *She did not* and you did not request an extension of time. Instead, the brief was filed *two days late* on September 11, 2013.

Section IV(B) of Judge Slomsky's Scheduling and Motion Policies and Procedures afforded Defendants 7 days to file a reply brief and, as noted above, Fed R. Civ. P. 6(d) and Local Civil Rule 5.1.2(8)(e), allow an additional 3 days for service (including in cases where service was effectuated by electronic filing). Because 10 days from September 11, 2013 was *Saturday*, September 21, 2013, pursuant to Fed. R. Civ. P. 6(a)(1)(C), Defendants had until Monday, September 23, 2013 to file their reply brief, *which they did*. What is more, prior to September 23, 2013, local counsel for Defendants, Sean Litz, called the Clerk of the Court, who confirmed that the deadline for Defendants to file their reply brief was, indeed, September 23, 2013.

As an initial matter, your attempts to distort the Local Civil Rules through selective editing do not go unnoticed. For instance, you cite to Local Rule 5.1.2 for the proposition that "service of a document that is electronically filed is effectuated upon filing," (Pl. Mot., at 3), but neglect to mention that this very rule expressly affords an additional 3 days for service for documents filed by ECF. Moreover, you argue that Defendants received additional days over the weekend even

## Proskauer»

though you cite to the very rule that states "the next day that is not a weekend or holiday is deemed the end of the time period." (Pl. Mot., at 3) (citing Fed. R. Civ. P. 6.)[1]

Equally meritless are the remaining arguments set forth in your motion to strike. For one, you advance the absurd notion that, because certain "cases were cited and discussed in Defendants' original filing," Defendants' reply brief "merely restates Defendants' positions" and is "superfluous." (Pl. Mot., at 4-5.) The very idea that Defendants could not address Plaintiff's mischaracterization of certain cases merely because Defendants cited these cases in their opening brief is, frankly, ridiculous. Under that theory, one could never mention a case in a reply brief that was cited in the opening brief.

You also maintain that "Defendants['] reply exceeds or at least pushes the boundaries of the ten page limit to filing reply brief under the Standing Order." (Pl. Mot., at 5.) For this proposition, you argue, with great pettiness, that Defendants used "single space" and "small font" for the six footnotes in their reply memorandum. (Pl. Mot., at 5.) Needless to say, Defendants comported with the letter and spirit of Judge Slomksy's Policies and Procedures and the Local Civil Rules. Moreover, the idea that the font size and spacing of a handful of footnotes "cause[] severe prejudice and harm to Plaintiff" rings hollow. (Pl. Mot., at 5.)

Please confirm in writing *immediately* that you will withdraw your pending motion to strike. If you fail to do so, Defendants will oppose your motion, share these facts with the Court and also seek attorney's fees and any other costs incurred in opposing this frivolous and vexatious motion.

Very truly yours,

Joseph C. O'Keefe

cc: Daniel L. Saperstein, Esq. (*via email only*)
Barry L. Cohen, Esq. (*via email only*)
Sean S. Litz, Esq. (*via email only*)

---

[1] Even assuming *arguendo* that there is any merit to your distortion of the facts and law, which there is not, the notion that a few days delay in the filing of a reply brief would "prejudice" Plaintiff is preposterous. (Pl. Mot., at 3.)